**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

FOURNIER FURNITURE, INCORPORATED,
Plaintiff-Appellee,

v.

NATIONAL LABOR RELATIONS BOARD,

No. 95-2854

Defendant-Appellant,

and

UNITED MINE WORKERS OF AMERICA,
Defendant.

FOURNIER FURNITURE, INCORPORATED,
Plaintiff-Appellee,

v.

UNITED MINE WORKERS OF AMERICA,

No. 95-2953

Defendant-Appellant,

and

NATIONAL LABOR RELATIONS BOARD,
Defendant.

Appeals from the United States District Court
for the Western District of Virginia, at Abingdon.
Glen M. Williams, Senior District Judge.
(MISC-95-17-A)

Argued: July 9, 1996

Decided: August 27, 1996

Before RUSSELL, WIDENER, and HALL, Circuit Judges.

_____

Vacated and remanded with instructions by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Mark Robert Gisler, Senior Attorney, NATIONAL LABOR RELATIONS BOARD, Washington, D.C.; Sarah J. Starrett, UNITED MINE WORKERS OF AMERICA, Washington, D.C., for Appellants. Lynn Forgrieve Jacob, WILLIAMS, MULLEN, CHRISTIAN & DOBBINS, Richmond, Virginia, for Appellee. **ON BRIEF:** Frederick L. Feinstein, General Counsel, Linda Sher, Acting Associate General Counsel, Margery E. Lieber, Assistant General Counsel for Special Litigation, Eric G. Moskowitz, Deputy Assistant General Counsel, NATIONAL LABOR RELATIONS BOARD, Washington, D.C., for Appellant NLRB. James V. Meath, Charles B. Scher, King F. Tower, WILLIAMS, MULLEN, CHRISTIAN & DOBBINS, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This case is before the court on the NLRB's appeal from the order of the district court granting Fournier's motion for a protective order. The Board had taken the position that it would not agree to a protective order and that there should be no limitation on any use of the evidence introduced during this proceeding, however full of trade secrets it might have been. Fournier had taken the position that confidential, trade secret and like evidence should be protected and should be used only for the purposes of the litigation.

Fournier first filed a motion for a protective order with the Administrative Law Judge who denied the motion, stating in his order that

2

he saw no factual reason why a protective order should be denied, but that the law did not provide either authority for the issuance of, or sanctions to enforce, protective orders granted by administrative law judges. Fournier then filed a motion for a protective order in the district court. The court granted the motion and the Board appealed from that order to this court on the grounds that Fournier had not exhausted its administrative remedies and that the district court lacked jurisdiction to issue the order. In the interim, Fournier had sought and was granted special permission from the Board to appeal the order of the administrative law judge that denied its motion for a protective order.

By order dated January 3, 1996 and issued January 11, 1996, the NLRB found that "[c]ontrary to the administrative law judge's statement, administrative law judges have the power and authority to issue protective orders." The order directs the administrative law judge upon resumption of the unfair labor practice hearing, to "reconsider respondent's petition for a protective order and to determine whether, and in what form, such order would be appropriate." Based on the decision by the Board in Fournier's special appeal, we think that the motion for relief in the district court is moot. Under United States v. Munsingwear, Inc. 340 U.S. 36, 39 (1950), when a civil case becomes moot while on its way to or pending decision by an appellate court, the established practice is to vacate the judgment appealed from and remand with instructions to dismiss.*

Accordingly, the order of the district court appealed from must be vacated and the case remanded to the district court for entry of its order dismissing the motion as moot. The ALJ may then proceed to decide the merits of the request for a protective order.

VACATED AND REMANDED WITH INSTRUCTIONS
_____

*When there are two jurisdictional questions in a case, one of mootness, see Munsingwear, the other of authority under a statute, see Leedom v. Kyne, 358 U.S. 184 (1958); A.F. of L. v. Labor Board, 308 U.S. 401 (1940), it makes no difference under which ground we decide the case.